UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SUSAN L. SCOTT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-CV-00058-SKL |
| SIERRA HARVEY, | ) ) | |
| Defendant/Counter-Plaintiff | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| Counter-Defendant | ) | |

## ORDER

Plaintiff Susan Scott alleges Defendant Sierra Harvey negligently rear-ended her while Ms. Scott was driving a truck for the United States Postal Service. The case was originally filed in Hamilton County Circuit Court, where Ms. Harvey asserted a negligence counterclaim against Ms. Scott. Before the Court is a motion for substitution of parties [Doc. 4], filed by the United States of America. The United States requests that it be substituted for Ms. Scott as "the sole counter-defendant in this action under the [Federal Tort Claims Act]." [Doc. 4 at Page ID # 38]. Also before the Court is the United States' motion for a 60-day enlargement of time to respond to the counterclaim [Doc. 3].

No party responded to the United States' motions, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. The Court deems the failure to respond as a waiver of any opposition to each motion. *Id.* 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Pursuant to 28 U.S.C. § 2679(d)(1):

> Upon certification by the Attorney General that [a] defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

*See also Lambert v. United States*, No. 3:15-CV-147-PLR-HBG, 2016 WL 632461, at *3 (E.D. Tenn. Feb. 17, 2016) ("[w]hen a claim of wrongful conduct is brought against a government official in his individual capacity . . . the Attorney General's certification that the defendant was acting within the scope of his employment requires substitution of the United States as a defendant (quotation marks and citation omitted)).

The Attorney General filed the necessary certification in this case, indicating, "based on the civil counterclaim filed in this case and the relevant facts currently known, Susan L. Scott was acting within the scope of her employment with the United States Postal Service at the time of the accident out of which the Defendant/Counter-Plaintiff's claims arose." [Doc. 1-3]. Accordingly, the motion for substitution of parties [Doc. 4] is hereby **GRANTED**. The United States is substituted for Ms. Scott as the proper and sole counter-defendant in this case, and the counterclaim as to Ms. Scott is **DISMISSED**. *See Elmore v. Harris*, No. 2:18-cv-2608-SHL-cgc, 2018 WL 6517125, at *1 (W.D. Tenn. Oct. 3, 2018) (dismissing claims against government employee upon substitution of United States as defendant).

Further, the motion for an enlargement of time [Doc. 3] is **GRANTED** for good cause shown as stated therein. The United States is **ORDERED** to respond to the counterclaim within **60 DAYS** of entry of this Order.

The Clerk is **DIRECTED** to modify the style of the case to terminate Ms. Scott as a counter-defendant.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE